No. 44.—ALEXANDER THOMPSON, plaintiff in error, *vs.* WIL-
LIAM MANLY and others, defendants in error.

[1.] A demurrer will lie to a bill in Equity, when there is an adequate
remedy at Law.

In Equity, in Carroll Superior Court. Decision on demur-
rer, by Judge WARNER, June Term, 1854.

This bill was filed by Alexander Thompson against William,
Peter and John Manly, Joseph R. Richards, John Long and
B. M. Long. The bill states, that at the February Term,
1853, of Carroll Superior Court, an action of ejectment was
commenced by John Doe on the several demises of. William,
Peter and John Manly, heirs at law of William Manly, decea-
sed. Joseph R. Richards and John and B. M. Long against
the complainant, as tenant in possession, for lot of land num-
ber ninety-six, in the ninth district of Carroll County; to
which action complainant filed the pleas of not guilty, and
Statute of Limitations; that at the August Term of said Court,
1853, a trial was had, and a verdict rendered for the plaintiff;
from which complainant has entered an appeal. The bill char-
ges that the plaintiffs in ejectment rely for a recovery, upon a
plat and grant from the State to the heirs at law of Wm. Man-
ly; and that William, Peter and John Manly are such heirs;
and that they *gave in* and drew said lot; (the said plot and
grant being in possession of John and B. M. Long) also upon
a deed from said William, Peter and John Manly to Joseph R.
Richards, dated 2d Dec. 1851, for and in consideration of the
sum of $75; and upon a deed from Richards to John and B.
M. Long, dated 20th Sept. 1852, for and in consideration of
$175.

The bill further charges, that at the time the Manlys sold to
Richards and Richards to the Longs, the land was worth $800,
and is now worth $1000; that complainant purchased said lot
in the year 1850, from Samuel Bowling, who, together with
those under whom he claimed, had held the actual, peaceable

and notorious possession of the same from the year 1831 or 1832, under color of title and claim of right; that he, complainant, purchased said lot in good faith, believing he bought a good title; went into possession and made valuable improvements, thereby greatly increasing its value; that complainant continued in open, notorious and peaceable possession of said land, up to the commencement of said action of ejectment; that said Manlys, on the 2d day of September, 1851, sold and conveyed said lot of land to Richards, (they having drawn said land as the heirs at law of Wm. Manly) without having been in possession of said land or of the remainder and reversion, or having received the rents and profits of the same, for the space of one whole year, next before the said bargain and sale and conveyance, contrary to the Statute of *Henry VIII*; that said Richards purchased said land, knowing that Manlys never had been in possession of the same; that Richards sold and conveyed the land to the Longs in September, 1852, without having been in possession, and while complainant was in possession thereof. The bill further stated that complainant was unable to prove that Richards knew, at the time he purchased of the Manlys, that they never had been in possession of the land, and that the Longs knew that Richards never had been in possession of the land, except by resorting to the consciences of the defendants.

The bill further charges, that by the sales and conveyances made by the defendants, as aforesaid, the said Manlys had forfeited one-half the value of said land, to-wit: $400: the said Richards had forfeited $800, and the Longs one-half of the value of the land, to-wit, $400; that the Manlys were insolvent; Richards was a foreigner by birth; that the Longs are using the names of the Manlys and Richards in the action of ejectment, they being nominal parties, and having no interest in the land. The prayer of the bill was for a perpetual injunction against the action of ejectment.

The defendants demurred to the bill, for want of equity, alleging that plaintiffs had an adequate remedy at Law.

The Court sustained the demurrer and dismissed the bill, and Counsel for complainant excepted.

POWELL, for plaintiff in error.

WRIGHT & BURK, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The substance of the complaint in the bill is, that those lessors in the ejectment, who are the real parties, have no title deeds except such as are void by the Statute of the 32d *Henry VIII.* entitled "The bill of bracery and buying of titles", and that they are using the grant from the State to the Manlys, as a means to recover the land in the face of that Statute.

But those lessors claim under the Manlys, and according to *Pitts vs. Bullard,* (3 *Kelly* 17) they have the right to use the grant for such a purpose.

Not only is this so, but it appears from the bill, that the complainant has a perfect legal title to the land—a perfect title under the Statute of Limitations. By means of this, he can defend himself against the ejectment. What aid then, does he need from a Court of Equity? None.

Clearly there is no equity in this bill.