ABERCROMBIE *et al. v.* SIMS *et al.*

HILL, J.  1.  Under the allegations of the petition the plaintiffs are without a complete and adequate remedy at law, and the case as made is one cognizable in a court of equity, where complete equitable relief can be administered.  Compare the cases of *Ford* v. *Finney*, 35 *Ga.* 258, and *Morgan* v. *Argard*, 148 *Ga.* 123 (95 S. 'E. 986).

2. Where, as in the bill of exceptions in this case, one of the assignments of error is that the judge erred in granting an interlocutory injunction, and the evidence on which the injunction was largely, if not entirely, based was documentary, being copies of lengthy affidavits set out in full, except the formal part, without any effort to brief them as required, and such evidence contains immaterial and unnecessary portions of the affidavits and exhibits, the evidence so incorporated will not be considered.  The motion to dismiss the writ of error will be denied, but the judgment granting an interlocutory injunction will be affirmed.  *Baker* v. *Nix*, 150 *Ga.* 679 (104 S. E. 625), and cases cited.  This ruling makes it unnecessary to determine whether certain evidence was admissible.

*Judgment affirmed. All the Justices concur, except*

FISH, C. J., and BECK, P. J., who dissent as to the ruling in the first headnote, and to the judgment, they being of the opinion that the petition is subject to the general demurrer.

No. 1856.  DECEMBER 16, 1920.

Injunction.  Before Judge Pendleton.  Fulton superior court. December 18, 1919.

W. C. Abercrombie and Nesbit Harper sold to W. A. Sims a certain tract of land in Douglas County, containing 340 acres, more or less, and executed to Sims their bond for titles.  Sims gave Abercrombie and Harper his promissory notes aggregating $4,700 for the balance of the purchase-money, each note due on a certain date annually thereafter.  The notes contained the stipulation that time was of the essence of the contract, and that if any one of the notes should fall due and remain unpaid for a period of ninety days after maturity, then all of the unpaid notes were to become due and payable.  On October 8, 1919, the vendors, Abercrombie and Harper, filed in the city court of Atlanta their suit against Sims, returnable to the November term, 1919, on all of

the notes representing the balance of the purchase-money, less certain credits which had been placed on the first note falling due. In the suit against Sims it was alleged that he had failed to pay one of the notes of $500 due January 28, 1919, and that by his failing to pay this note within ninety days after its maturity all of the notes became due and payable. On November 3, 1919, W. A. Sims and J. H. Disharoon filed in the superior court of Fulton County their petition against Abercrombie (a non-resident) and Harper, alleging substantially the facts above set out, and further: that on April 10, 1918, Sims transferred to Isaiah Norton all of his interest in the bond for title executed by Abercrombie and Harper; that about May 10, 1918, Norton transferred the bond for title to J. S. Reynolds; that about October 31, 1918, Reynolds transferred the bond for title to J. H. Disharoon, one of the plaintiffs; that since the bond for title was executed and delivered by Abercrombie and Harper the latter had tortiously cut and removed certain growing timber from the land sold to Sims, the quantity of which was unknown to the plaintiffs, but estimated by them to be about 250,000 feet of the approximate value of $7 per thousand feet (by amendment this value was placed at $25 per thousand feet); that this timber was cut during the time from the date of the execution of the bond for title to Sims to the time of the transfer by Sims to Norton, and from the time of the transfer from Norton to Reynolds; that Reynolds transferred to Disharoon all of the right, title, claim, demand, and cause of action which Reynolds had against the defendants on account of the tort committed by the defendants in cutting and removing the timber; that five acres of the tract of 340 acres sold by the defendants to Sims was, at the time of the execution of the bond for title and at the time of filing the present petition, owned and possessed by one A. R. Bomar; that Abercrombie and Harper failed to put Sims and his transferees of the bond for title in possession of the five acres of land; that this land was worth approximately $75 per acre; that Abercrombie, one of the defendants, had collected certain rents from the land covered by the bond for title, without the consent of the transferees, and had failed to make any report of the same to the plaintiffs; and that the plaintiffs " are entitled to have set off against and credited on such notes, in the order of their due date, the value of the timber cut and removed

by the defendants, . . the value of the five acres of land the possession of which the defendants have failed to deliver as aforesaid," and are entitled to credit for the rents collected, and to an accounting from the defendants for the value of the timber cut and removed from the land. They pray that the suit in the city court be enjoined; that the defendants be required to set up in this proceeding their claim on the notes; also for an accounting, and for judgment for the timber cut and removed, and for the value of the five acres of land, and for the rents collected by Abercrombie; and that such amounts be credited on the notes sued upon in the city court. The defendants filed an answer to the petition, denying the material portions of the plaintiff's allegations. After the introduction of evidence the court granted an interlocutory injunction restraining the defendants from prosecuting the suit in the city court. The defendants excepted.

*Holbrook & Corbett* and *Astor Merritt,* for plaintiffs in error.

*George P. Whitman,* contra.