## HATCHER *v.* BIRCH.

HILL, J.   John Hatcher brought an equitable petition against J. N. Birch, praying for injunction, damages, etc., and alleged in substance the following: In June, 1918, the plaintiff purchased of L. H. McElmurray a certain described lot of land in Crawford County, for the sum of $3000, payable $500 in cash and $500 each year thereafter, for five years, payments to be made on December 1st of each year. Two payments were made on the notes when due, amounting to $1000. In January 1921, J. N. Birch secured title to the land from McElmurray and the unpaid notes, and obtained from the plaintiff the bond for title given to him by McElmurray, and gave to plaintiff a new bond for title signed by J. N. Birch in consideration of plaintiff giving to him five promissory notes of $342.08 each, payable on December 1st of each year, beginning December 1, 1921. On October 6, 1921, before any of the notes were due, J. N. Birch had issued in Crawford County a distress warrant against the plaintiff for the sum of $300, and caused the same to be levied on all of the personal property, farming implements, and machinery situated on the land, and a few days later also caused a criminal warrant to issue against the plaintiff in Crawford County, charging him with selling the crops before paying the rent on the land. Plaintiff was not a tenant of the defendant, and owed him no rent. Plaintiff was arrested under the warrant and incarcerated in the common jail of Crawford County. By reason of the levying of the distress warrant on plaintiff's personal property his farming operations were destroyed, his stock, farming implements, corn, cotton, and automobile were seized by the sheriff and sold, and plaintiff was financially ruined and unable to further operate his farm and to meet his obligations, and his standing and credit were injured, and he was compelled to seek and accept day labor in order to support his family. On February 7, 1923, the defendant filed suit in Crawford superior court against plaintiff upon two promissory notes of $342.08 each, praying a special judgment against the land. On September 26, 1923, plaintiff filed the present suit for damages, injunction, etc., against the defendant, he being a resident of Bibb County, praying that the suit of J. N. Birch against plaintiff be enjoined to await the trial of the suit in Bibb superior court, and that the defendant be compelled to come to a full accounting with the plaintiff for the injury and damage inflicted upon him. A rule nisi having issued, the defendant appeared upon the hearing of the application for injunction, and reserving his right of demurrer and exception which he might take

31

to plaintiff's petition, and appearing only for the purpose of resisting the application for injunction, for cause why an injunction should not be granted set up: (1) The application for injunction is a misjoinder of causes of action with the cause of action for which said suit is brought. (2) The application for injunction is in no way germane to the supposed cause of action for which the suit is attempted to be brought, and is foreign thereto. (3) The application for injunction is based upon an attempt to set off a tort against a contract, without alleging insolvency, non-residence, or other equitable reason which would authorize the court in allowing a set-off of a tort against a contract. (4) The petition in its entirety sets forth no equitable cause of action which would authorize the grant of an injunction. On the hearing at chambers the judge refused an injunction, and the plaintiff excepted. *Held:*

1. The court did not err in refusing an injunction.

(*a*) The plaintiff has an adequate remedy at law.

(*b*) The plaintiff alleged neither insolvency on the part of the defendant, nor that he was a non-resident; nor are there other grounds for equitable relief.

2. The case of *Abercrombie* v. *Sims*, 150 *Ga.* 739 (105 S. E. 371), which is relied on by the plaintiff, is distinguishable from the case at bar. In that case it was alleged that Abercrombie was a non-resident, etc.

*Judgment affirmed. All the Justices concur.*

No. 4028. JUNE 16, 1924.

Petition for injunction. Before Judge Mathews. Bibb superior court. November 6, 1923.

*Henry Gordon* and *H. F. Strohecker,* for plaintiff.

*Jordan & Moore,* for defendant.