MAGGI *v.* SYLVAN CIRCLE APARTMENTS INC. *et al.*

WYATT, J. Fred A. Maggi, doing business as Beecher Hills Improvement Company, filed suit against Sylvan Circle Apartments Inc., Goode Construction Company, Earthmovers Inc., W. J. Freeman, and Franklin D. Richards as Federal Housing Administrator, seeking to recover certain sums alleged to be due petitioner for labor and materials furnished by him as a subcontractor of Earthmovers Inc. in connection with the construction of Sylvan Circle Apartments, and seeking other equitable relief. The petition alleged in substance: that Sylvan Circle Apartments Inc. owns a described tract of land; that the said corporation has built apartment buildings on the said land; that Goode Construction Company was the general contractor, and that the plans have been approved by the F.H.A.; that Earthmovers Inc. is a subcontractor of Goode Construction Company, and plaintiff is a subcontractor of Earthmovers Inc.; that Franklin D. Richards, as Federal Housing Administrator, is to lend or has lent the money necessary to pay for the labor and materials used in the construction of the apartment buildings; that petitioner does not know the amount to be paid Goode Construction Company, but the amount is known to W. J. Freeman and the F. H. A.; that plaintiff did the work demanded under the contract, and this fact was known to all parties to this case; that the funds to be disbursed by the Federal Housing Administrator are a trust fund for the payment of all persons who have expended labor and materials in the construction of the apartment buildings with the knowledge of the said defendants; that litigation as to payment of sums due W. J. Freeman by Earthmovers Inc., on which garnishment has been sued out by W. J. Freeman against Goode Construction Company, has been filed; that other litigation may ensue between other parties to the case, and due to the inability of petitioner to pay his bills for materials and machinery, liens may be filed on the property of Sylvan Circle Apartments Inc.; that petitioner is due the sum of $20,890.15, as shown by the attached account, plus seven percent interest from June 16, 1950, and petitioner has demanded payment from all parties defendant except the F. H. A., and all have refused payment; that the suit of W. J. Freeman and the garnishment run by him against Goode Construction Company, have caused Goode Construction Company to refuse to pay Earthmovers Inc., and Earthmovers Inc. to refuse to pay petitioner. The prayers were: that petitioner have judgment for damages as alleged; that a special lien be declared on all funds in the hands of all defendants which have been received or may be received from the F. H. A., or any other source; that all defendants be enjoined from paying any sums to each other on any contract arising out of the construction of the said apartment buildings until sums due petitioner have been paid; that petitioner be decreed to have an equitable lien on the property of Sylvan Circle Apartments Inc., as described in the petition; that Sylvan Circle Apartments Inc. be enjoined from further encumbering said property or from in any way disposing of its interest therein; that plaintiff have discovery against each of the defendants to determine the sums paid out by the F. H. A. under the construction contract. Defendants, Goode Construction

Company and Sylvan Circle Apartments Inc., filed general demurrers to the petition. The demurrers of both these defendants were sustained, and the petition dismissed as to them. To this ruling plaintiff excepted, and assigns as error the sustaining of the demurrer and the judgment of dismissal. *Held*:

"Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." Code, § 37-120. "Mere apprehension of danger or injury, unless founded upon reason, will not require equitable relief." *Bailey* v. *Ross*, 68 *Ga.* 735. "The plaintiff has an adequate remedy at law. The plaintiff alleged neither insolvency on the part of the defendant, nor that he was a non-resident; nor are there other grounds for equitable relief." *Hatcher* v. *Birch*, 158 *Ga.* 481 (123 S. E. 680). In the instant case, plaintiff alleges that he provided certain labor and materials used in the construction of an apartment house under a contract with Earthmovers Inc., for whch he has not been paid. He alleges no reason why his remedy at law, suit on the contract, will not be adequate, full, and complete. It is not alleged that Earthmovers Inc. is insolvent or unable in any way to respond in damages, or that Earthmovers Inc. is a non-resident of the State of Georgia, nor is there alleged any other reason for the intervention of a court of equity. "A demurrer will lie to a bill in equity when there is an adequate remedy at law." *Thompson* v. *Manly*, 16 *Ga.* 440. The cases of *Central of Ga. Ry. Co.* v. *Shiver*, 125 *Ga.* 218 (53 S. E. 610), and *East Atlanta Bank* v. *Limbert*, 191 *Ga.* 486 (12 S. E. 2d, 865), cited and relied upon by plaintiff in error, differ on their facts from the instant case, and are in no way in conflict with the rulings here made. Accordingly, the judgment of the court below sustaining the general demurrers and dismissing the petition as to Goode Construction Company and Sylvan Circle Apartments Inc. was not error.

*Judgment affirmed. All the Justices concur.*

No. 17332. FEBRUARY 13, 1951.

*Mitchell & Mitchell* and *B. J. Dantone*, for plaintiff.
*James A. Branch* and *Thomas B. Branch Jr.*, for defendants.