## S89A0170. WEST v. KOUFMAN.
(384 SE2d 664)

CLARKE, Presiding Justice.

This is an appeal from an interlocutory injunction restraining foreclosure. We affirm.

Douglas Koufman bought a tract of land from John Q. West and executed a security deed to West. Under the terms of the security deed, Koufman could be declared in default if any claim of lien for labor or material were filed of record against the premises and not removed by payment or bond within 30 days of the date of recording. If default occurred, the agreement entitled West to accelerate the debt and to foreclose on the property.

Four liens were subsequently filed against the property. West attempted to accelerate the debt and foreclose. Koufman brought an action to enjoin foreclosure. At the hearing on the motion for an interlocutory injunction, Koufman alleged that West had actively solicited his friends to file the liens against the property. He also alleged that West deliberately did not tell him about the recording of the liens until after the expiration of the thirty-day period during which Koufman could have brought himself into strict compliance with the deed.

Koufman paid two of the liens as soon as he received notice of them. He disputes the validity of the other two. The trial court found that Koufman did not have notice of the liens until more than 30 days after the filing. And, Koufman had acted in good faith to remove the liens as soon as he knew about them. The court granted an interlocutory injunction pending trial on the merits.

West, contends that he is entitled to strict enforcement of the terms of the security deed. He asserts that neither lack of notice of the liens nor good faith efforts to remove the liens entitle Koufman to enjoin the acceleration of the debt. He relies on Tybrisa Co., Inc. v. Tybeeland, Inc., 220 Ga. 442 (139 SE2d 302) (1964); and Benton v. Patel, 257 Ga. 669 (362 SE2d 217) (1987).

The purpose for granting an interlocutory injunction is to preserve the status quo pending final adjudication of the case. MARTA v. Wallace, 243 Ga. 491 (254 SE2d 822) (1979). Generally the trial court has broad discretion to decide whether to grant or deny an interlocutory injunction. OCGA § 9-5-8. "However, where there is no

conflict in the evidence, the judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law." *Zant v. Dick*, 249 Ga. 799 (294 SE2d 508) (1982).

In *Benton v. Patel*, supra, the undisputed facts demonstrated that the Patel family failed to maintain insurance on a secured property and therefore defaulted under the terms of a security deed. We held that their good faith efforts to obtain insurance were irrelevant under the unambiguous terms of the security deed. Likewise, here, Koufman's good faith efforts to remove the liens after the thirty-day period described in the deed would not be sufficient to support an order enjoining foreclosure.

However, this case is distinguished from *Benton v. Patel* by Koufman's allegations that West actively solicited third parties to file false liens against the property. This conduct, if proved, would constitute a breach of the duty of good faith and fair dealing that is implied in all contracts. OCGA § 11-1-203; *Jackson EMC v. Ga. Power Co.*, 257 Ga. 772 (364 SE2d 556) (1988); see also Restatement, Second, Contracts, § 231 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.") In this case, West's breach of this duty might preclude him from insisting on strict compliance with the default provision in the deed. We therefore conclude that the trial court acted within its discretion in granting the interlocutory injunction pending final adjudication of the merits of the case.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1989.

*Erwin, Epting, Gibson & McLeod, Andrew H. Marshall,* for appellant.

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellee.