A99A1177. CLARK v. THE STATE.
(523 SE2d 388)

MILLER, Judge.

Graham Clark was convicted of violating a Cherokee County ordinance that required him to control soil erosion on his property. He appeals, contending that the county ordinance was not properly proven.

Because this court cannot take judicial notice of a county ordinance, the State must introduce the ordinance into evidence, normally by certified copy.[1] But Clark did not include a transcript of the trial in the appellate record so we could determine whether the ordinance was properly admitted into evidence. The burden is on the appellant to show the alleged error by the record, and "where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm."[2]

Because Clark omitted the trial transcript from the record, we are unable to consider the merits of his claim and must affirm.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

---

[1] *Poole v. State*, 229 Ga. App. 406, 409 (2) (494 SE2d 251) (1997); see *Owens v. State*, 153 Ga. App. 525, 526 (1) (265 SE2d 856) (1980) (physical precedent only).

[2] (Citations and punctuation omitted.) *Regency Exec. Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 194 (514 SE2d 446) (1999); see *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981).

DECIDED OCTOBER 7, 1999.

*James D. Rogers, Kris K. Skaar*, for appellant.
*G. Channing Ruskell, Solicitor*, for appellee.