S99A1395, S99A1396. ATLANTA DWELLINGS, INC. v. WRIGHT et al. (two cases).
(527 SE2d 854)

THOMPSON, Justice.

Atlanta Dwellings, Inc. (ADI) appeals from two separate orders granting interlocutory injunctions prohibiting foreclosure under a deed to secure debt executed by Mattie B. Wright. Finding no abuse of the court's discretion, we affirm both rulings.

Private Mortgage Funding Corporation ("Private Mortgage") held several commercial loans executed by Wright, including a prom-

---

issory note secured by property known as Azalea Gardens Apartments and an assignment of rents and leases. When Wright defaulted on the Azalea Gardens loan, among others, Private Mortgage obtained a judgment against her to satisfy the debts. Wright made some payments on this judgment, but then in October 1998, entered into a forbearance agreement with Private Mortgage whereby she agreed to satisfy her other loans, leaving the Azalea Gardens loan as her only outstanding debt; and Private Mortgage agreed on several conditions to a short payoff of the Azalea Gardens loan. Private Mortgage assigned to ADI all its rights under the forbearance agreement, the court judgment, and the Azalea Gardens security deed and assignment of rents and leases.

Thereafter, ADI served Wright with written notice of default of the forbearance agreement and the deed to secure debt based on allegations that she failed to pay real property ad valorem taxes for the years 1992 through 1997; and that she transferred the Azalea Gardens property to Azalea Gardens, Inc. in 1993 without the lender's consent. When Wright failed to satisfy ADI's demands that she cure the default, ADI filed the present complaint to: (1) allow a nonjudicial foreclosure of the property; (2) issue an order restraining Wright from disposing of rents, issues and profits in connection with the Azalea Gardens property; and (3) declare that ADI's interest in the rents, issues and profits of the property was perfected. ADI asserted it was entitled to such relief under the terms of the deed to secure debt and the forbearance agreement.

In response, Wright sought and was granted a temporary restraining order staying foreclosure. After an evidentiary hearing, the court granted her motion for an interlocutory injunction.[1] A detailed order followed in which the court enumerated a series of remaining questions as to whether the forbearance agreement was intended to serve as a waiver of any default of loan documents executed prior thereto. As to the alleged tax default, the court noted that the language of the forbearance agreement *acknowledged* Wright's "failure to pay real property taxes"; and as to the alleged 1993 transfer of the property, there remained questions as to whether ADI effectively waived this incident of default by failing to object for more than five years. The order recited:

> There exist significant conflicts in and on the record regarding conditions and allegations of default by [Wright] to issue an injunction enjoining foreclosure of the subject property during the pendency of this action . . . the mere existence

---

[1] The court denied ADI's request to consolidate the hearing for a trial on the merits under OCGA § 9-11-65 (a) (2).

of these ambiguities and conflicts mandate the issuance of an interlocutory injunction to establish and maintain the status quo until these matters can be determined on their merits.[2]

Wright tendered certain funds into the registry of the court as security for the alleged debt and foreclosure was enjoined during pendency of the underlying action. In Case No. S99A1395, ADI appeals from that order.

Shortly thereafter, ADI served Wright with yet another notice of demand in which it alleged a separate event of default, namely, her alleged failure to pay 1998 real property ad valorem taxes. It again advised Wright of its intent to conduct a non-judicial power of sale foreclosure of the property if the default were not timely cured. This prompted Wright's second motion for interlocutory injunction. After hearing evidence, the court granted the requested injunctive relief in an order which similarly recited that conflicts in the evidence remain regarding the obligation for 1998 property taxes. In Case No. S99A1396, ADI appeals from this second order.

"The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case." *Benton v. Patel*, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987). Generally, the trial court has broad discretion under OCGA § 9-5-8 in deciding whether to grant a request for an interlocutory injunction. *West v. Koufman*, 259 Ga. 505 (384 SE2d 664) (1989). " 'However, where there is no conflict in the evidence, the judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law.' [Cit.]" Id.

> "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised," OCGA § 23-2-114, but this rule does not apply if the power is unambiguous and is being exercised as the deed provides, *Tybrisa Co. v. Tybeeland, Inc.*, 220 Ga. 442, 444 (139 SE2d 302) (1964). "If there is any question as to the construction of a deed to secure debt either by virtue of its original terms or a course of conduct which waives strict performance, a question for the jury is presented."

*Benton v. Patel*, supra at 672.

In the present case, the trial court was authorized to find signifi-

---

[2] The court specifically declined to make a determination as to the merits of these outstanding issues.

cant questions concerning construction of the forbearance agreement and course of conduct, both of which, if proved, could constitute a waiver of strict performance of the deed to secure debt. See *West v. Koufman*, supra. Compare *Benton*, supra (where there was no conflict in the evidence, the court's discretion in granting or denying the interlocutory injunction was limited by the applicable rules of law); *Tybrisa Co.*, supra (foreclosure was improperly enjoined where the instruments were unambiguous and the evidence showed conclusively that the deed to secure debt was in default). Thus, the grant of the February 1999 injunction pending resolution of the issues was a proper exercise of the court's discretion.

As for the payment of 1998 taxes, Wright shows that the language of the forbearance agreement requires that taxes be escrowed from each monthly payment made. She also produced evidence that ADI received these escrow funds when it assumed the instruments, and that Wright unsuccessfully demanded the return of the escrow funds for the purpose of paying taxes. Thus, there existed a conflict in the evidence with regard to Wright's obligation for the 1998 property taxes. It follows that the court was correct in issuing the second injunction, pending resolution of that issue.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 6, 2000 —
RECONSIDERATION DENIED MARCH 24, 2000.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, John G. Aldridge, Jr., Scott L. Nathan, Marissa G. Connors,* for appellant.

*Lawson & Thornton, George O. Lawson, Jr., Alton Hornsby III,* for appellee.