A00A1146. CACONI CANDY & GUM, INC. v. CURTIS PRODUCTS COMPANY, INC.
(538 SE2d 497)

RUFFIN, Judge.

CaCoNi Candy & Gum, Inc. sued the Curtis Products Company, Inc. in November 1997 for breach of contract. On February 8, 1999, CaCoNi filed a "Notice of Bankruptcy Filing and Automatic Stay," asserting that an involuntary bankruptcy petition had been filed against Curtis Products in January 1997. On October 18, 1999, the trial court dismissed CaCoNi's complaint for want of prosecution after CaCoNi failed to appear for trial on September 21, 1999. CaCoNi appeals, asserting that the dismissal violated the automatic stay in Curtis Products' bankruptcy case. Because CaCoNi failed to present any evidence that an automatic stay was in effect with respect to Curtis Products, we affirm.

---

In its Notice of Bankruptcy Filing, CaCoNi asserted that an involuntary bankruptcy petition had been filed against Curtis Products on or about January 29, 1997. CaCoNi did not, however, attach any notice from the bankruptcy court showing that such a petition had been filed. Instead, it attached a letter purporting to be from the trustee in a bankruptcy case involving Curtis Candy Company. In its complaint, CaCoNi had alleged that Curtis Products was the "alter ego" of Curtis Candy, while in its Notice of Bankruptcy Filing it referred to Curtis Candy as a "sister company" of Curtis Products. The letter from the trustee, however, indicated that Curtis Candy and Curtis Products were separate corporations, and that Curtis Products' assets were not part of the bankruptcy estate. Although the bankruptcy was allegedly filed almost ten months before CaCoNi's complaint, there is no indication in the record that Curtis Products ever claimed entitlement to the automatic stay.[1]

The burden is on the appellant to show error affirmatively by the record.[2] "[W]here the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm."[3] In order to show that the trial court erred, CaCoNi would have to demonstrate, at a minimum, that (1) an automatic stay was actually in place when the trial court dismissed the complaint, and (2) the automatic stay prevented prosecution of the claim against Curtis Products. Neither of these is shown by the meager record CaCoNi requested be forwarded on appeal.[4] Apart from the bare assertion by CaCoNi in its Notice of Bankruptcy Filing, there is absolutely no indication in the record that Curtis Products was ever the debtor in a bankruptcy proceeding, and even the bare assertion is belied by the attached document showing that the debtor was actually Curtis Candy.[5] Assuming that an

---

[1] CaCoNi specifically requested that almost the entire record be omitted from the record on appeal, including Curtis Products' answer and numerous motions. The list of omitted documents contains no indication that Curtis Products claimed the benefit of the automatic stay.

[2] *In the Interest of M. J. B.*, 238 Ga. App. 833, 834 (1) (520 SE2d 497) (1999).

[3] (Punctuation omitted.) *Clark v. State*, 240 Ga. App. 303 (523 SE2d 388) (1999).

[4] We note that CaCoNi's argument is not that it is improper under state law to dismiss a claim for failure to prosecute when such prosecution is barred by the automatic stay. Rather, the gist of CaCoNi's argument is that the dismissal itself constitutes a violation of the automatic stay. We need not address this issue, however, since CaCoNi has not shown that an automatic stay was in effect with respect to the claim at issue.

[5] We note that Curtis Products failed to file an appellee's brief. However, this does nothing more than admit the appellant's statement of facts, "which *so far as they are supported by the record,* this court may accept as being prima facie true." (Emphasis supplied.) *Montford v. State*, 164 Ga. App. 627, 628 (298 SE2d 319) (1982). CaCoNi's meager statement of facts does not appear to distinguish between Curtis Products and Curtis Candy, and the record citations provided do not show that Curtis Products was ever the debtor in a bankruptcy proceeding.

involuntary petition had been filed against Curtis Candy, there is absolutely no evidence that the automatic stay would operate to preclude prosecution of a claim against Curtis Products.[6] And finally, even assuming that a bankruptcy proceeding was initiated in January 1997, as CaCoNi asserts, and that the automatic stay would extend to claims against Curtis Products, there is no evidence that the case was still open more than two and a half years later, when the trial court dismissed CaCoNi's lawsuit.[7] In short, CaCoNi has wholly failed to carry its burden of showing error by the record. Accordingly, the trial court's order is affirmed.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 18, 2000.

*Ana M. Rountree, Mason B. Rountree,* for appellant.
*Bird & Associates, Jeffrey L. Pombert,* for appellee.


---

[6] CaCoNi does not even make such an argument on appeal.

[7] The trustee's letter, which was dated more than eight months before the dismissal in this case, purported to forward a report of no distribution to the United States Trustee. The documents that CaCoNi asked the clerk to omit from the appellate record indicate that two status conferences were held on April 6 and September 21, 1999, well after CaCoNi filed the notice of the purported bankruptcy, although there is no indication of what transpired at those conferences.