## S01A1658. UNIVERSITY HEALTH SERVICES, INC. v. LONG.
### (561 SE2d 77)

SEARS, Presiding Justice.

The appellant, University Health Services, Inc. d/b/a University Hospital ("University Hospital"), appeals from an interlocutory injunction prohibiting it from revoking the privileges of the appellee, Dr. Long, an obstetrician and gynecologist at University Hospital, pending a final resolution of Dr. Long's action against the hospital. Because we conclude that the trial court abused its discretion in entering the injunction, we reverse.

Dr. Long has had privileges at University Hospital for approximately 25 years. In the summer of 2000, the hospital instituted administrative proceedings to review the care that Dr. Long had provided to certain patients and to determine whether his clinical privileges should be revoked. After a recommendation was made early in the review process to suspend Dr. Long's privileges, Dr. Long, with the hospital's consent, obtained an interlocutory injunction from the trial court that permitted him to continue practicing until further order of the court. The injunction also provided that the hospital could continue with and complete its administrative review process. After the hospital had completed the review process, the governing body of the hospital revoked Dr. Long's clinical privileges. Because of the initial injunction, the hospital had to petition the trial court to dissolve the injunction to make its revocation of Dr. Long's privileges effective. After the hospital filed its petition to dissolve the injunction, Dr. Long filed an amended complaint asking the trial court, among other things, to continue the interlocutory injunction, reverse the decision of the hospital to revoke his privileges, and rule that the hospital's fair hearing plan violates due process. Ruling in Dr. Long's favor, the trial court declined to dissolve the injunction, and instead continued it in effect until a final resolution of the case. University Hospital has now filed this appeal.

The purpose of an interlocutory injunction is to preserve the status quo pending a final adjudication of the case, and in determining whether to preserve the status quo, a trial court must balance the conveniences of the parties pending the final adjudication,[1] with consideration being given to whether greater harm might come from granting the injunction or denying it.[2] Although a trial court has broad discretion in deciding whether to grant or deny an interlocutory injunction, the trial court's discretion can be ultimately circum-

---

[1] *Benton v. Patel*, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987); *Poe & Brown of Ga. v. Gill*, 268 Ga. 749, 750 (492 SE2d 864) (1997).

[2] *Douglas v. Wages*, 271 Ga. 616, 619 (523 SE2d 330) (1999).

scribed by the applicable rules of law.[3]

In balancing the conveniences of the parties in this case, we conclude that the trial court's discretion was fundamentally circumscribed by a rule of law concerning a court's role when reviewing a hospital's revocation of a physician's clinical privileges. In such cases, a court's role " 'is not to substitute [its] judgment for that of the hospital's governing board or to reweigh the evidence regarding the renewal or termination of medical staff privileges.' "[4] Examining the evidence in this case under this standard, we conclude that the only conclusion that can be drawn is that the trial court had to defer to the medical judgment of the hospital governing body that Dr. Long had mismanaged patient care, had exercised poor clinical judgment that had adversely affected patient care, and had deviated from "appropriate clinical practice."

In light of the fact that the trial court and this Court must defer to the governing board regarding Dr. Long's medical skill and judgment, we conclude that the trial court abused its discretion in balancing the conveniences of the parties in Dr. Long's favor. We are mindful of the harm that could arise to Dr. Long from the wrongful suspension of his clinical privileges at University Hospital. However, given that the hospital has found that Dr. Long's care is adversely affecting patients and given that we must, as a matter of law, defer to the hospital's medical judgment in this case, we conclude that that harm to patients outweighs any potential harm to Dr. Long.[5] Accordingly, we conclude that the trial court erred in declining to dissolve the interlocutory injunction.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Kilpatrick Stockton, Wyckliffe A. Knox, Jr., Joseph H. Huff,* for appellant.

*Tucker, Everitt, Long, Brewton & Lanier, Thomas W. Tucker,*

---

[3] *Benton,* 257 Ga. at 672; *Zant v. Dick,* 249 Ga. 799-800 (294 SE2d 508) (1982); *Atlanta Dwellings v. Wright,* 272 Ga. 231, 233 (527 SE2d 854) (2000).

[4] *Davenport v. Northeast Ga. Med. Center,* 247 Ga. App. 179, 186 (542 SE2d 525) (2000), quoting *Bryan v. James E. Holmes Regional Med. Center,* 33 F3d 1318, 1337 (11th Cir. 1994). Accord *Cobb County-Kennestone Hosp. Auth. v. Prince,* 242 Ga. 139, 146 (249 SE2d 581) (1978); *Sosa v. Bd. of Managers &c.,* 437 F2d 173, 177 (5th Cir. 1971).

[5] See *Samuel v. Herrick Mem. Hosp.,* 201 F3d 830, 836-837 (6th Cir. 2000) (in granting interlocutory injunction, district court erred in balancing harms in favor of physician who had been found to have shown poor judgment and clinical deficiencies; district court should have balanced harms in favor of the hospital and the public).

*John B. Long, A. Montague Miller, John P. Batson,* for appellee.
*Alston & Bird, Jack S. Schroder, Jr.,* amicus curiae.