S04A1127. KINARD et al. v. RYMAN FARM HOMEOWNERS' ASSOCIATION, INC. et al.
(598 SE2d 479)

THOMPSON, Justice.

Appellees Ryman Farm Homeowners' Association, Inc. and its individual property owners brought a complaint for injunctive relief against appellants Robert Kinard, Kinard Realty, Inc., and Kinard Development, Inc. (Kinard), to prevent the development of the fourth phase of a residential subdivision known as The Ryman Farm. The trial court granted the requested relief. Finding no abuse of the trial court's discretion in that ruling, we affirm.

The evidence showed that the development of Ryman Farm began in 1993, at which time a Declaration of Covenants, Restrictions, and Easements was filed in Whitfield County. The development was to be completed in several stages. Amendments to the declaration of covenants were filed on three occasions to extend to Phases II, III and IV of construction. The property which was to be developed as Phase IV was deeded to Kinard in 2003. The homeowners' association believed that Kinard's proposed development of Phase IV deviated from the declaration of covenants in certain respects. As a result, the homeowners' association brought the present complaint seeking equitable relief, breach of the declaration of covenants, and attorney fees. The trial court granted an interlocutory injunction to maintain the status quo while the legal issues were to be litigated.

" 'The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case.' " *Atlanta Dwellings v. Wright,* 272 Ga. 231, 233 (527 SE2d 854) (2000). The trial court has broad discretion under OCGA § 9-5-8 in deciding whether to grant a request for an interlocutory injunction. *West v. Koufman,* 259 Ga. 505 (384 SE2d 664) (1989).

In balancing the equities the trial court determined that the proposed development of Phase IV will diminish the value of other properties in Ryman Farm; that the homeowners' association will suffer immediate and irreparable injury unless Kinard is temporarily enjoined from implementing his proposed plan; and that the denial of equitable relief will leave the homeowners' association "practically remediless" should they prevail in their claim for breach of the declaration of covenants. Conversely, the court found that Kinard will

not be oppressed by maintaining the status quo and that he will have a remedy at law should he ultimately prevail. Inasmuch as these findings are supported by the record, we find no abuse of the trial court's discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*William W. Keith III, Edward Hine, Jr.,* for appellants.

*Brinson, Askew, Berry, Seigler & Richardson, C. King Askew, Mark M. J. Webb, Waycaster, Morris & Dean, R. Leslie Waycaster, Jr.,* for appellees.