## A07A1336. GREEN v. WADDLETON.
(654 SE2d 204)

PHIPPS, Judge.

Kellee Green appeals the grant of an interlocutory injunction under OCGA § 9-5-8 requiring her to cease operation of a commercial dog kennel pending a final resolution of the claims against her.[1] For the reasons set forth below, we reverse.

In December 2003, Green purchased the kennel. Wandra Waddleton had owned adjacent property since 1988. In September 2005, Waddleton filed a lawsuit claiming that the kennel constituted a nuisance and that both the kennel and another structure on the property violated restrictive covenants that governed the property. Waddleton sought damages and injunctive relief. Green responded that the restrictive covenants did not apply to her property; that, in any event, the covenants were scheduled to expire in early 2007; and that Waddleton's claims were time-barred. Green also counterclaimed for frivolous litigation.

The trial court granted Waddleton's motion for an interlocutory injunction, requiring Green to cease operating the kennel and to remove the animals from the property within 45 days. In this order, the court held that Waddleton had shown a substantial likelihood of succeeding on the merits of her claim and that, without an injunction, she risked a "threat of immediate and irreparable injury, loss or damage." The court also found that "any harm that may be caused to [Green] by granting an interlocutory injunction is not outweighed by the harm likely to be caused to [Waddleton]."

Green appealed the entry of the injunction and moved the trial court to stay it pending the outcome of her appeal, presenting evidence that the injunction would potentially put her out of business and cause her irreparable harm. The trial court granted the stay. On appeal, Green enumerates two claims of error: the trial court's grant of the interlocutory injunction; and the trial court's failure to require

---

[1] The appellee has not filed a brief in this appeal. This failure serves as an admission of the appellant's statement of facts, which we may accept as prima facie true if supported by the record. See *CaCoNi Candy & Gum v. Curtis Products Co.*, 245 Ga. App. 592, 593, n. 5 (538 SE2d 497) (2000).

Waddleton to provide security as a condition of the injunction pursuant to OCGA § 9-11-65 (c).

1. "A trial court may grant an interlocutory injunction to maintain the status quo until a final hearing if, by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction."[2] OCGA § 9-5-8 gives the trial court broad discretion in deciding whether to grant a request for interlocutory injunction,[3] and we will reverse the trial court's decision only for manifest abuse of discretion.[4] "However, where there is no conflict in the evidence, the judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law."[5]

Green challenges the trial court's ruling that there is a substantial likelihood that Waddleton will prevail on her claims. Green also argues that the equities favor her, because the damage to her dog kennel business that would result from the injunction outweighs any discomfort Waddleton would experience from the kennel's continued operation during the pendency of the action. Pretermitting a determination of the likelihood that Waddleton will prevail on the merits of her underlying claims,[6] we find that the interlocutory injunction is not appropriate in this case because it does not serve to maintain the status quo.

"The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case."[7] The party seeking an interlocutory injunction must present evidence that the status quo was endangered and in need of preservation, and a trial court abuses its discretion if it grants the injunction without such a showing.[8] Thus we held in *DBL, Inc. v. Carson*[9] that the trial court abused its

---

[2] *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 281 (1) (539 SE2d 811) (2000) (citation and punctuation omitted).

[3] *Atlanta Dwellings v. Wright*, 272 Ga. 231, 233 (527 SE2d 854) (2000).

[4] *DBL, Inc. v. Carson*, 262 Ga. App. 252, 256 (3) (585 SE2d 87) (2003).

[5] *Atlanta Dwellings*, supra (citation and punctuation omitted).

[6] At the hearing on interlocutory injunction the parties made proffers of evidence concerning the merits of the underlying claims, which apparently were considered by the trial court in reaching its decision. While some of this evidence appears to be in the record, it also appears that some of the evidence considered by the trial court, including the parties' stipulation to certain facts, is absent from the record.

[7] *Kinard v. Ryman Farm Homeowners' Assn.*, 278 Ga. 149 (598 SE2d 479) (2004) (citation and punctuation omitted); see *West v. Koufman*, 259 Ga. 505 (384 SE2d 664) (1989); *MARTA v. Wallace*, 243 Ga. 491, 494 (3) (254 SE2d 822) (1979).

[8] *Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145, 146 (1) (401 SE2d 515) (1991).

[9] Supra at 256-257 (3).

discretion when it enjoined a defendant from operating a marina pending the final resolution of a claim brought by adjacent landowners:

> The injunction did not serve to maintain the status quo. And we fail to see any irreparable harm to the landowners by virtue of [defendant's] continued operation of the marina. Indeed, the marina has been operating in front of their property for years. Under [the] circumstances, there is no urgency requiring that [defendant's] business be enjoined, and we therefore conclude that the trial court abused its discretion in granting the injunction.[10]

Here, the trial court enjoined the operation of an enterprise that, like the marina in *DBL*, had been in business adjacent to Waddleton's property for several years. The injunction does not preserve the status quo in this case because it requires Green to close her business and remove the animals. The trial court initially held that without the injunction Waddleton would suffer irreparable harm, but it did not offer any specific findings of facts as to the nature of this harm, and in the later hearing on Green's motion to stay the injunction, the court commented that it "[didn't] see the necessity for forcing them to close down now" because the kennel had been operating for "a period of time" and a period of "another six months isn't really going to matter."[11]

The Supreme Court of Georgia has held that "[t]here must be some vital necessity for the [interlocutory] injunction so that one of the parties will not be damaged and left without adequate remedy."[12] Because Green has shown that the injunction would impose a potentially irreparable harm on her, because there is no evidence of record presented by Waddleton and no finding by the trial court that the status quo was endangered or in need of preservation, and because the injunction does not in fact preserve the status quo, we find that the trial court abused its discretion in granting the interlocutory injunction.

2. In light of our holding in Division 1, we need not address Green's remaining enumerated claim.

---

[10] Id. (footnote omitted).

[11] The order in which the trial court found that Waddleton would be irreparably harmed without the interlocutory injunction was prepared by Waddleton's counsel. While not reversible error, this practice is "greatly disfavored." *Richardson v. Barber*, 241 Ga. App. 254, 255 (1) (527 SE2d 8) (1999) (citations and punctuation omitted).

[12] *Chambers v. Peach County*, 268 Ga. 672, 673 (1) (492 SE2d 191) (1997) (citation and punctuation omitted).

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 9, 2007.

*Weissman, Nowack, Curry & Wilco, Jason A. LoMonaco*, for appellant.

*Ballard, Stephenson & Waters, William M. Waters*, for appellee.