A07A1720, A08A0960. COTTON STATES MUTUAL INSURANCE COMPANY et al. v. STEPHEN BROWN INSURANCE AGENCY, INC. (two cases).

(660 SE2d 445)

ELLINGTON, Judge.

The Superior Court of Toombs County granted Stephen Brown Insurance Agency, Inc.'s motion for an interlocutory injunction compelling certain payments from the defendants below, Cotton States Mutual Insurance Company, Cotton States Life Insurance, and Shield Insurance (collectively, "Cotton States"), pending arbitration of the parties' dispute about a contract. Along with a notice of appeal, Cotton States filed a motion to stay the injunction during the pendency of the appeal. The trial court entered another order that reconsidered and "affirm[ed]" the order entering the injunction, which Cotton States "openly ignore[d]" for at least seven months,[1] and denied the motion for a stay. Cotton States appeals the first order in Case No. A07A1720 and the second order in Case No. A08A0960; we have consolidated these cases for decision. In both appeals, Cotton States contends that there is no evidence in the record that Stephen Brown Insurance Agency's legal remedy is not adequate and that the trial court failed to properly balance the equities between the parties. For the reasons that follow, we affirm.[2]

---

[1] Indeed, there is no evidence in the record that Cotton States has ever complied with any aspect of the injunction, despite the absence of a stay or supersedeas.

[2] Even though this appeal is from an order granting an interlocutory injunction, we conclude that the underlying dispute framed by the complaint and the answer concern legal, rather than equitable, issues. *Regal Textile Co. v. Feil,* 189 Ga. 581, 588 (1) (6 SE2d 908) (1940). As a result, these appeals fall within the appellate jurisdiction of this Court, rather than that of the Supreme Court. *Redfearn v. Huntcliff Homes Assn.,* 271 Ga. 745, 748 (3) (524 SE2d 464)

> The trial court has broad discretion to decide whether to grant or deny a request for an interlocutory injunction, and the appellate courts will not disturb the trial court's exercise of its discretion unless a manifest abuse of discretion is shown or there was no evidence on which to base the ruling.

(Citations omitted.) *Chambers v. Peach County*, 268 Ga. 672, 673 (1) (492 SE2d 191) (1997). See also OCGA § 9-5-8 ("[t]he granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case").

The record shows the following undisputed facts. Stephen Brown Insurance Agency (hereinafter "Brown") agreed to serve as an agent for Cotton States under a Multi-Line Exclusive Agent's Contract. Under the contract, Brown agreed not to compete with Cotton States. In addition, Cotton States agreed to pay Brown commissions on policies Brown had generated that were renewed during the 48 months following the termination of the contract. For three months after Brown terminated the contract, Cotton States paid the post-termination payments and then stopped. Brown filed suit for breach of contract. Cotton States counterclaimed for breach of contract and moved to compel arbitration of the dispute.

The trial court granted Cotton States' motion to compel arbitration of the dispute. In addition, the trial court found that an injunction was "necessary to preserve the status quo of the parties pending a final adjudication of the case." As the trial court explained in the order appealed in Case No. A08A0960, it found that Brown's

> legal remedy, if any, is inadequate because it does not preserve the status quo until an arbitrator can decide the merits of the case . . . [and] because it does not place the parties in the same position they would have been in had Cotton States decided to arbitrate its initial claim that Steve Brown violated the covenant not to compete.

Based on its finding that Brown's legal remedy was not adequate and that the relative conveniences of the parties favored him, the trial court granted his motion for an interlocutory injunction and ordered Cotton States to immediately pay all post-termination commissions it had withheld and to make monthly post-termination payments until the matter was resolved by arbitration.

---

(1999); *Saxton v. Coastal Dialysis &c.*, 267 Ga. 177, 179 (476 SE2d 587) (1996); *Allen v. Hub Cap Heaven*, 225 Ga. App. 533, 535 (2) (484 SE2d 259) (1997).

1. Cotton States contends that Brown's breach of contract claim for money damages is an adequate remedy at law, and, therefore, that the trial court abused its discretion in granting Brown's motion for an interlocutory injunction.

Under Georgia law, "[t]he purpose of an interlocutory injunction is to preserve the status quo pending a final adjudication of the case." (Footnotes omitted.) *Univ. Health Svcs. v. Long*, 274 Ga. 829 (561 SE2d 77) (2002). In other words, an interlocutory injunction "is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication." (Citation and punctuation omitted.) *Price v. Empire Land Co.*, 218 Ga. 80, 85 (126 SE2d 626) (1962). Although

> [e]quity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law[,] . . . the mere privilege of a party to bring an action at law or the existence of a common-law remedy not as complete or effectual as the equitable relief shall not deprive equity of jurisdiction.

OCGA § 23-1-4.[3] In this case, the record supports the trial court's determination that Cotton States conducted itself, to Brown's detriment, as though arbitration of the dispute had been completed and it had been absolved from complying with its post-termination obligations under the agreement. In addition, the post-termination payments due Brown can only be determined on an ongoing basis, as policies Brown originated are renewed. Under the circumstances, we cannot say that the trial court manifestly abused its discretion when it concluded that Brown's legal remedy was not complete and that an interlocutory injunction was necessary to maintain the status quo. *Univ. Health Svcs. v. Long*, 274 Ga. at 830; *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. 146, 147 (1) (527 SE2d 856) (2000).

2. Cotton States contends the trial court failed to properly balance the equities between the parties. "The superior court may issue an interlocutory injunction to maintain the status quo until a final hearing if, by balancing the relative equities of the parties, it

---

[3] See generally OCGA §§ 9-5-1 ("Equity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."); 23-1-3 ("Equity jurisdiction is established and allowed for the protection and relief of parties where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done.").

would appear that the equities favor the party seeking the injunction." (Citations omitted.) *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. at 147 (1). "[I]n determining whether to preserve the status quo [by issuing an interlocutory injunction], a trial court must balance the conveniences of the parties pending the final adjudication, with consideration being given to whether greater harm might come from granting the injunction or denying it." (Footnotes omitted.) *Univ. Health Svcs. v. Long*, 274 Ga. at 829. After a hearing, the trial court found in this case that Cotton States unjustifiably refused to arbitrate its claim that Brown breached the agreement and, instead, unilaterally decided to stop making payments due Brown. The trial court concluded that the equities favored Brown, comparing the harm that might come to Cotton States from granting the injunction to the harm that would come to Brown from denying it and, later, considering Cotton States' conduct in flouting the first order. We will not interfere with the trial court's exercise of discretion in this regard. Id.; *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. at 147 (1).

3. Cotton States' Renewed Motion to Suspend Injunction in Case No. A07A1720 is hereby denied as moot.

*Judgments affirmed. Johnson, P. J., Phipps, Mikell and Adams, JJ., concur. Andrews, P. J., and Blackburn, P. J., dissent.*

ANDREWS, Presiding Judge, dissenting.

Because Brown could not show why his remedy at law, the suit on the contract, would not be adequate and complete, I respectfully dissent.

This is a breach of contract case. Cotton States stopped paying Brown post-termination payments pursuant to a clause in the contract permitting it to do so if Brown breached certain contract provisions. Brown sued for breach of contract, bad faith, and breach of fiduciary duty. Cotton States counterclaimed for breach of contract, alleging that Brown violated the contract's noncompete provision. Cotton States filed a motion to compel arbitration. The trial court granted the motion. In that order, the trial court declined to find the covenant not to compete, the basis for Cotton States' breach of contract claim, unenforceable. The court also granted Brown's request for a temporary injunction and ruled that Cotton States must resume paying Brown his post-termination payments and must also pay all post-termination benefits that had accrued from the time that Cotton States discontinued payment. The reason for this injunction was "to preserve the status quo of the parties pending a final adjudication of the case." It is not apparent from the order what danger threatened the status quo absent an injunction. The trial court also stated: "Defendants knew all disputes arising from alleged

breaches of the Agent's contract were to be adjudicated via arbitration, yet they essentially adjudicated the dispute themselves when they stopped making payments." In its second order, the trial court stated that the injunction was necessary to "balance the equities" until the arbitrator decides the case.

There is nothing in the two orders that would support the grant of the injunction. Because the termination of payments was a remedy allowed to Cotton States under its contract with Brown, and because whether Brown was entitled to these payments was the ultimate issue to be decided, it is unclear why the above would have any bearing on the granting of the injunction.

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. This power shall be prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to." OCGA § 9-5-8. In exercising this discretion, a court should not "impose on defendant any greater restriction (burden) than is necessary to protect plaintiff from the injury of which he complains." (Citation and punctuation omitted.) *Dawson v. Wade*, 257 Ga. 552, 554 (361 SE2d 181) (1987).

Further,

it is axiomatic that the sole purpose of a temporary or interlocutory injunction is to maintain the status quo pending a final adjudication on the merits of the case. The status quo is not defined by the parties' existing legal rights; it is defined by the reality of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights.

(Citations and punctuation omitted.) *Hampton Island Founders v. Liberty Capital*, 283 Ga. 289 (658 SE2d 619) (2008).

In this case, the status quo is that both parties are awaiting a determination as to whether Brown is entitled to post-termination payments. The trial court's injunction does not serve to maintain the status quo pending a final adjudication, but rather changes the status quo by ordering Cotton States to make payments that it may or may not in fact owe. See *Green v. Waddleton*, 288 Ga. App. 369, 371 (654 SE2d 204) (2007).

The court also failed to balance the equities properly. A trial court may issue an interlocutory injunction to maintain the status quo until the final hearing if, by balancing the relative conveniences of the parties, it determines that they favor the party seeking the injunction. That is because an interlocutory injunction is a device to keep

the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication. There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy. *Green*, supra.

Here, Brown has not shown that there is any "vital necessity" for the injunction; nor has he shown that, absent the injunction, he will be left without an adequate legal remedy. There is no contention that Cotton States will disappear or become insolvent, or otherwise be unable to respond to a judgment for damages if Brown prevails. See *Maggi v. Sylvan Circle Apts.*, 207 Ga. 580, 581 (63 SE2d 368) (1951).

Therefore, Brown having an adequate remedy at law, and having shown no vital necessity for the injunction, and because the injunction does not in fact preserve the status quo, the trial court erred in granting an injunction compelling Cotton States to make payments under the contract until the claims for breach of that contract are settled. *Housing Auth. v. MMT Enterprises*, 267 Ga. 129 (475 SE2d 642) (1996); *MARTA v. Wallace*, 243 Ga. 491, 495-496 (254 SE2d 822) (1979); *Maggi*, supra; *Green*, supra.

I am authorized to state that Presiding Judge Blackburn joins in this dissent.

DECIDED MARCH 28, 2008 — ▮

*Jackson Lewis, Christopher T. Van Dyke, David L. Gordon, Melissa L. Kotun*, for appellants.

*McNatt & Greene, Hugh B. McNatt, Hugh Peterson III*, for appellee.