# DENNARD et al. v. FARMERS AND MERCHANTS BANK OF COOLIDGE.

Under the pleadings and the evidence, the grant of an interlocutory injunction against all the defendants was unauthorized; and interlocutory injunction against any of the defendants generally was likewise unauthorized. With respect to the specific sum in controversy, or the proceeds into which the same may have been converted, the plaintiff below was not entitled to a receiver and at the same time to the writ of ne exeat. The order appointing the receiver and requiring the principal defendants to turn over to him the specific property was inconsistent with the writ of ne exeat awarded at the same time to prevent the principal defendants from removing any of their property from the State, and with the bond they were required to give thereunder.

No. 1360. DECEMBER 11, 1919.

Injunction, etc. Before Judge Thomas. Thomas superior court. February 22, 1919.

The Farmers and Merchants Bank of Coolidge filed an equitable petition against Dennard Brothers, a firm composed of C. S.

Dennard and L. V. Dennard, and against Mrs. Allie Dennard (the wife of C. S. Dennard), Mrs. Rosa Lee Dennard (the wife of L. V. Dennard), E. M. Kennington, and Mrs. Mamie Kennington, the last-named being the wife of E. M. Kennington and a sister of C. S. Dennard and L. V. Dennard. In substance the petition alleged as follows: Dennard Brothers were general merchants, and also engaged in the business of buying cotton. They were regular customers of the bank. During the cotton season of 1918 the bank advanced to them a sum of money with which to pay for cotton bought by them, taking as security the warehouse receipts to the cotton. The sum advanced was carried as an overdraft and amounted to $17,493.20. Against this advance the bank held warehouse receipts for 114 bales of cotton. When the advances were made by the bank Dennard Brothers were the owners of real and personal property of the approximate value of $14,000, exclusive of the cotton purchased by them. In the latter part of October, 1918, after these advances had been made, Dennard Brothers, with the knowledge of the bank, sold their stock of merchandise for a little more than $7,000, which was deposited to their general account with the bank. The bank then demanded and received from them a deposit of $6,000 to cover any differences that might thereafter arise between the amount of the advances made by the bank and the market value of the cotton; the purpose and object of the deposit being to secure the bank against any possible decline in the market price of cotton pending the sale of the same. After the deposit of $6,000 had been made with the bank, the market price of cotton did decline, and the value of the cotton held by the bank, by reason of the decline, was approximately $6,000 less than the purchase-price of the cotton which had been advanced by the bank. In January, 1919, C. S. Dennard, as manager of the business of Dennard Brothers, represented to the bank that they desired to invest the $6,000 held by the bank in certain land in Colquitt county, of the value of $10,000, and agreed that if the bank would consent to the use of the $6,000 they would, as soon as the land was purchased, convey it to the bank as security in lieu of the $6,000 then held by the bank. The bank consented and agreed that they might draw a check against the $6,000 deposit, which was expressly made not subject to check, in payment of land, upon condition that the land would be immediately con-

veyed to the bank. On January 23, 1919, following the agreement, Dennard Brothers drew a check on the bank in favor of Mrs. Emma Kennington, one of the defendants, for $6,000, the check showing the following entry thereon: "For payment of land." This check was indorsed by Mrs. Kennington, and under the advice of her husband, E. M. Kennington, it was deposited with the Moultrie Banking Company for collection. In due course the check was presented to the plaintiff bank and by it paid in good faith. Promptly after the payment of the check the plaintiff requested Dennard Brothers to convey the land to it, according to the agreement. They did not refuse to make a conveyance to the bank, but delayed doing so until February 18, 1918, on which date they informed the bank that they were not in position either to return the money or to make the promised conveyance. The bank then discovered that Dennard Brothers had not in fact purchased any land from Mrs. Mamie Kennington, and that she did not in fact own any unencumbered land in Colquitt county; that Dennard Brothers had disposed of practically all their property, with the exception of a storehouse and lot of the value of approximately $15,000; that the $6,000 was obtained from the bank as the result of a conspiracy between the several defendants; that immediately upon the payment of the $6,000 check, Mrs. Kennington directed the Moultrie Banking Company to issue to each of the Dennard Brothers a cashier's check for his pro rata share of the fund, which was done; that each of them indorsed these checks and deposited them in a bank in Albany, Georgia, to the separate credit of their wives; that before the bank in Albany had collected the cashier's checks, each of them went to Albany and attempted to withdraw the funds from the Albany bank, which declined to pay the checks; that as soon as the Albany bank was advised of the payment of the cashier's checks, C. S. and L. V. Dennard, in person, presented checks in their favor, properly drawn by their wives, respectively, for the full amount of the two deposits, and received the amount of the deposits in cash. It was further discovered, from an examination of the deed records for Thomas county, that on December 16, 1918, Dennard Brothers, upon a recited consideration of $3,256, had conveyed seventy-five acres of land in Thomas county to C. O. Jordan; that on the same date they had conveyed to Mrs. L. P. Jordan, upon the recited consideration of $3,000, seventy acres of

land in Thomas county; that on December 20, 1918, L. V. Dennard had conveyed to H. H. O'Neal, in consideration of $750, certain town property in the town of Coolidge, and on January 21, 1919, L. V. Dennard had executed to his wife, Mrs. Rosa Lee Dennard, a deed to a residence lot in the town of Coolidge upon the recited consideration of $750. C. S. and L. V. Dennard had reduced their property to cash, and, with their wives, were preparing to leave the State; their assets, consisting of several thousand dollars in cash, were about to be removed from the State; they were negotiating the purchase of lands lying partly within the State of Florida and partly within the State of Georgia, with the announced intention of removing beyond the limits of the State. The bank claimed a lien on and title to the $6,000 fund deposited with it, under the agreement above recited. It prayed, that the writ of ne exeat issue, staying the Dennards and their wives from going beyond and from removing any of their property beyond the jurisdictional limits of the State; that a temporary receiver be appointed to take charge of the fund of $6,000, the storehouse and lot, and the residence lot transferred by L. V. Dennard to his wife; "that each and all of the defendants be enjoined and restrained from further selling, encumbering, removing, transferring, or otherwise altering the existing status of any property, money, or bank account now owned or controlled by them, except by leave of the court;" that judgment be rendered in favor of the bank for the full amount of the advances made by it to Dennard Brothers; and that the cotton now in its possession be sold and the proceeds of the sale, with the $6,000 fund, be applied to the payment of said judgment. There was also a prayer for general relief, and for process. To the petition the defendants demurred, and in their answer denied the material allegations of the petition. On the hearing the evidence for the plaintiff tended to sustain its material allegations, except in the following particulars: There was no evidence that Mrs. Rosa Lee Dennard and Mr. and Mrs. Kennington were attempting to sell any of their property, or that the conveyance to Mrs. Rosa Lee Dennard, under date of January 21, was not made for a valuable consideration. The terms and conditions of the interlocutory order appear in the opinion, infra.

*Titus, Dekle & Hopkins,* for plaintiffs in error.
*Hay, Joiner, Hammond & Crawford,* contra.

GEORGE, J. (After stating the foregoing facts.)   As we construe the interlocutory order, the judge appointed a receiver as prayed; enjoined "each and all of the defendants from further selling, encumbering, removing, transferring, or otherwise altering the existing status of any property, money, or bank account now owned or controlled by them;" ordered the writ of ne exeat to issue to prevent the defendants, C. S. Dennard, Mrs. Allie Dennard, L. V. Dennard, and Mrs. Rosa Lee Dennard, from departing from the State and from removing any of their property beyond the jurisdictional limits of the State; directed the receiver to demand of the Dennards the $6,000 on deposit with the plaintiff bank, and required the said named defendants to deliver the said sum of money to the receiver on demand. With respect to the storehouse and lot owned by C. S. and L. V. Dennard, and the residence lot in the town of Coolidge, conveyed by L. V. Dennard to his wife, Mrs. Rosa Lee Dennard, the case made by the pleadings and evidence is only the common one of a creditor without a lien or claim of lien. and is within the rule contained in section 5495 of the Civil Code of 1910, which provides: "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." See also *Ayers* v. *Claridy*, 149 *Ga.* 498 (101 S. E. 292) ; *Cooleewahee Co.* v. *Sparks*, 148 *Ga.* 211 (96 S. E. 131). In so far as all the defendants, including Mrs. Allie Dennard, Mrs. Rosa Lee Dennard, E. M. Kennington, and Mrs. E. M. Kennington, were enjoined, and in so far as any of the defendants were enjoined generally from selling, encumbering, or otherwise altering the existing status of any property, money, or bank account owned or controlled by them, the case is likewise within the general rule above announced. No reason appears why any defendant should have been enjoined from disposing of his property generally. Certainly the general injunction against Mr. and Mrs. Kennington was unauthorized. The fact that the main defendants were preparing to depart from the State or to remove their property beyond the jurisdictional limits of the State affords no ground for general injunction. *Tucker* v. *Murphy*, 114 *Ga.* 662 (40 S. E. 836). According to the allegations and the proof, the court was authorized to find that the $6,000 referred to in the petition was segregated from the general account of C. S. and L. V. Dennard, and placed on special deposit with the

plaintiff bank, for the purpose of securing an overdraft with the bank. The judge was also authorized to find that this fund was fraudulently obtained from the bank as alleged in the petition. With respect to this fund, or the money into which it had been converted, we are of the opinion that the plaintiff was entitled to appropriate and consistent relief. It will be noted that the judge not only appointed a receiver with specific direction to take charge of this particular fund, but also ordered the writ of ne exeat to issue to prevent the defendants from departing from the State and from removing any of their property from beyond the jurisdictional limits of the State. The main defendants were required to deliver the $6,000 referred to in the petition to the receiver. A refusal to comply with the order of the court would of course subject the defendants to punishment for contempt. At the same time, the writ of ne exeat was issued requiring the main defendants and their wives to give bond for their personal appearance and for the forthcoming of all their property "to abide by the order and direction of the court," or, in default thereof, to be imprisoned. As was said by Hall, J., in *Bleyer* v. *Blum,* 70 *Ga.* 558, 564, "The incongruity of appointing a receiver and ordering the property to be turned over to him, and at the same time requiring bond from the defendant for its forthcoming, is apparent." See also *Old Hickory Distilling Co.* v. *Bleyer,* 74 *Ga.* 201, and *Tumlin* v. *Vanhorn,* 77 *Ga.* 315 (3), 321 (3 S. E. 264). As indicated, the judgment appointing a receiver to take charge of the specific fund formerly on special deposit with the plaintiff bank might be affirmed, with directions, as was done in the case of *Bleyer* v. *Blum,* supra. Under the peculiar facts of this case we believe the better practice to be to reverse the judgment generally, and to leave the judge free on rehearing to grant the plaintiff such appropriate and consistent relief as the evidence may justify. In no event was the plaintiff, under the pleadings and evidence in the present record, entitled to an injunction against all the defendants, or to general injunction against any of the defendants; nor was it entitled both to the issuance of the writ of ne exeat and the appointment of a receiver with respect to the specific fund formerly on deposit with the plaintiff.

　　*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*