## REEVE *v.* REEVE.

1. The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to.
2. Under the facts of this case the court did not err in refusing to appoint a receiver.

No. 5510. October 18, 1926.

Alimony, etc. Before Judge E. D. Thomas. Fulton superior court. May 24, 1926.

*Austin & Boykin,* for plaintiff.

*Douglas & Douglas* and *E. E. Andrews,* for defendant.

HILL, J. Mrs. Annie Louise Reeve brought suit for divorce and alimony against Charles James Reeve, and for injunctive relief against James H. Nunnally and the Nunnally Company, alleging in substance the following: The plaintiff and Charles James Reeve were married on February 14, 1912, and separated

Divorce, 19 C. J. p. 316, n. 63.
Receivers, 34 Cyc. p. 21, n. 37.

on April 27, 1926, for causes hereinafter stated, and have since lived and are now living in a bona fide state of separation. Plaintiff was forced to leave him "by reason of his cruel and brutal conduct," etc. She alleges in detail the acts of cruelty upon which she bases her suit for total divorce and alimony. She has no money, property, or effects except a scanty wardrobe of clothes of no value; she is forty-eight years of age, and is practically penniless; she is an English woman by birth and her relatives reside in England, except one brother in Atlanta. She is capable of earning $2 a day as an untrained nurse, but she can get employment as a nurse only at intervals. Reeve is sixty years of age, is in good health, and is capable of earning $166 a month in his occupation as an expert florist. He has been employed for the past twenty-two years as a florist by James H. Nunnally and the Nunnally Company, and has been in their service continuously during fourteen years. He has been, and is now, being paid by his employers a salary of $30 per week, and has had his house furnished to him free of rent. In order to help him save and accumulate money, the plaintiff has, for the fourteen years of her married life, done all the household work without the help of a servant; she has cooked, washed, ironed, done the cleaning and mending, and contributed to the family fund by nursing for hire, and has largely supplied her own clothing from her own earnings; she has denied herself comforts and necessities in order to help the defendant save the money he earned. Plaintiff alleges, on information and belief, that by their joint efforts and their joint thrift and economy the defendant has accumulated a fund of money during the past fourteen years, amounting to $6,000 to $8,000 or other large sum, which he now has and owns either in cash or in securities in which he has invested these savings; that he has left or put this money, or the securities represented by it, into the hands of James H. Nunnally for safe-keeping, or in the custody of the Nunnally Company; and that the same should be held subject to her right of alimony. The only visible property of the defendant Reeve, which she can schedule, consists of certain household and kitchen furniture. He has cash on hand, or securities, in the amount of approximately $6,000 to $8,000. He has threatened to leave the State, and is now preparing to do so. The plaintiff prays, for the writ of ne exeat requiring the defendant to be

present and abide the judgment; for total divorce, for alimony temporary and permanent, and for reasonable attorney's fees; that James H. Nunnally and the Nunnally Company be each restrained and enjoined from paying over to Reeve, and from delivering to him or his order, any property, money, securities, or effects until the further order of the court; that Reeve be enjoined from transferring, incumbering, or otherwise changing the status of the money, securities, or effects owned by him; and for general relief.

The court granted a temporary restraining order, and granted the writ of ne exeat, fixing bond in the sum of $5,000. The plaintiff amended her petition by adding a prayer for the appointment of a receiver for the money, properties, and effects of Reeve. After hearing evidence and argument, the court ordered that Reeve pay to the clerk of the court, until further order, the sum of $20 per month for the support of the plaintiff, and the sum of $25 as counsel fees for her attorney. The prayer for the appointment of a receiver was denied. To this judgment the plaintiff excepted.

The plaintiff insists upon only one point in the case, viz., whether the trial judge abused his discretion in denying her prayer for the appointment of a receiver. We can not agree with her counsel that the appointment of a receiver was demanded by the facts and circumstances of the case. The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to. Civil Code (1910), § 5477. "Receivers are not appointed as a matter of right, but to preserve rights." *Planters Oil Mill* v. *Carter,* 140 *Ga.* 808, 814 (79 S. E. 1120). The evidence shows that at the time of the suit the defendant Reeve was in possession of practically no property. It is true he had previously made a voluntary gift of about $8,000 to a son by a former wife, in Indiana, which was practically all the money or property he had. The record also shows he had paid his wife $1000 in settlement of a suit previously brought for divorce and alimony. The court by order, in the present case, restrained the employers of the main defendant from paying over any of his money, property, or effects held by either of them, and from transferring, incumbering, or otherwise changing the status of any such money, property, or effects. In the circumstances of the case we

7

can not say that the court erred in refusing to appoint a receiver.

In *Dennard* v. *Farmers & Merchants Bank,* 149 *Ga.* 590, 595 (101 S. E. 672), where the plaintiff prayed for injunction, ne exeat, and the appointment of a receiver to take charge of certain property alleged to have been fraudulently conveyed to third persons, in order to defeat the payment of claims of the defendants' creditors, Mr. Justice George, delivering the opinion of the court, said: "A refusal to comply with the order of the court would of course subject the defendants to punishment for contempt. At the same time, the writ of ne exeat was issued requiring the main defendants' and their wives to give bond for their personal appearance and for the forthcoming of all their property 'to abide by the order and direction of the court,' or, in default thereof, to be imprisoned. As was said by Hall, J., in *Bleyer* v. *Blum,* 74 *Ga.* 558, 564, 'The incongruity of appointing a receiver and ordering the property to be turned over to him, and at the same time requiring bond from the defendant for its forthcoming, is apparent.'"

There is no allegation in the petition, and no evidence, showing that the main defendant disposed of his property fraudulently, or that plaintiff had a right to the property, or any interest therein. The evidence does show that the main defendant had practically no property; and there is nothing in the record which would authorize this court to hold that the trial judge abused his discretion in refusing to appoint a receiver.

*Judgment affirmed.    All the Justices concur.*