## 18545. HOBBS *et al. v.* PEAVY *et al.*

CANDLER, Justice. At the January term, 1954, of Stewart County Superior Court, a grand jury elected E. H. Peavy, Jr., and W. G. Thrower as members of the county's board of education. Peavy was elected to succeed F. Royce Hobbs, and Thrower was elected to succeed Halliday Pearce. On January 13, 1954, F. Royce Hobbs and C. H. Canington, alleging themselves to be duly appointed, commissioned, qualified, and acting members of the county's board of education, instituted an action for injunctive relief in Stewart County against Peavy, Thrower, and J. T. Humber. W. P. Carter, alleging himself to be a citizen and taxpayer of Stewart County, joined Hobbs and Canington in their suit. So far as need be stated, their petition, after being amended, alleged: It was necessary for the grand jury which convened in Stewart County during January, 1954, to elect a successor to Hobbs, whose term as a member of the county board of education was expiring; and also a successor to Pearce, who had moved out of the county, and was for that reason no longer eligible to serve as a member of the county's board of education. The election of Peavy and Thrower was illegal, and therefore void, because nine of the grand jurors who served and participated in their election were disqualified to act in the matter, they being either parties or related within the prohibited degree to parties in certain litigation which was then pending in Stewart County and which attacked the legality of its management of the county's school affairs, particularly as to its building program and reorganization of schools. A copy of the petition in the referred-to pending suit against the county board of education was attached to and by reference made a part of the instant petition. It is also alleged in the original petition that the defendants Peavy and Thrower, unless restrained and enjoined from doing so, will shortly present themselves as members of the board; that they will interfere with the orderly conduct and operation of the board; that they will endeavor illegally to participate in any action to be taken by the board; that they will undertake to handle, manage, and control the board's funds; and that they will pay to themselves from the county's school funds that compensation fixed for board members. By an amendment to the petition it is alleged that Peavy and Thrower, together with others, conferred and conspired with some of those who had been drawn for grand jury service "with the object in view of securing an election or appointment by the grand jury of two members of the county board of education"; and also, that Peavy and Thrower were elected as board members by a disqualified grand jury on their promise to help halt and destroy the board's present school-building program. In addition to one for process and service, the prayers are that the defendant Humber, as Clerk of the Superior Court of Stewart County, be restrained and enjoined from certifying the names of Peavy and Thrower to the State Superintendent of Schools for commissions until the issues made by the petition as amended can be heard and determined; that the defendants Peavy and Thrower be restrained and enjoined from interfering with any member of the county's board of education in the performance of his official duties; that they be restrained

and enjoined from attempting to participate in any action to be taken by the board; and that they be granted general relief. The exception is to a judgment dismissing the petition as amended on general demurrer. *Held:*

1. The power which a chancellor has to grant injunctions should be prudently and cautiously exercised, and, except in clear and urgent cases, should not be resorted to. Code § 55-108; *Tumlin* v. *Vanhorn,* 77 *Ga.* 315, 320 (3 S. E. 264); *Reeve* v. *Reeve,* 163 *Ga.* 95 (135 S. E. 434).

2. When members of a county board of education are elected or appointed, it is the duty of the clerk of the superior court to forward to the State Superintendent of Schools a certified statement of the facts, under the seal of the court, as evidence upon which to issue commissions. Code § 32-905. The issuance of a commission to one elected or appointed to membership on a county board of education is a ministerial act, is not conclusive of the right of the person so commissioned to hold the office to which he has been elected or appointed, and the writ of injunction will not lie to prevent the issuance of a commission to such person by the proper officials. *Coleman* v. *Glenn,* 103 *Ga.* 458 (30 S. E. 297, 68 Am. St. R. 108). See *Hathcock* v. *McGouirk,* 119 *Ga.* 973 (2), 977 (47 S. E. 563); *McCants* v. *Layfield,* 149 *Ga.* 231 (99 S. E. 877); *Stephenson* v. *Powell,* 169 *Ga.* 406 (3), 408 (150 S. E. 641), and citations. As to the defendant Humber, the allegations of the petition as amended fail to allege any reason why he, as clerk of the superior court, should be restrained and enjoined from doing an act which the statute requires him to perform, in this case an act purely ministerial in character.

3. The instant petition as amended does not allege that the grand jury was for any reason illegally convened or that any one of its twenty-three members was an incompetent grand juror. However, it is alleged that nine of them were disqualified to participate in the election of Peavy and Thrower as members of the county board of education, because they were either individually interested, or related within the prohibited degree to persons who were interested, in the result of a pending suit against the Stewart County Board of Education, which attacked the validity of its management of the county's school affairs, particularly its building program and its plan or scheme for reorganization of schools. Under the American system of jurisprudence, a grand jury is regarded as an informing or accusing body rather than as a judicial tribunal (24 Am. Jur. 833, § 2); and in the absence of special authorization, it has no power or jurisdiction to perform duties of a civil nature. 24 Am. Jur. 858, § 35. In this State, both by statutes and by constitutional provisions, the grand jury has been empowered to perform many civil duties, one of which we will later mention. Code (Ann.) § 59-212, which comes from an act the legislature passed in 1935 (Ga. L. 1935, p. 396), declares: "All grand jurors in the courts of this State shall be disqualified to act or serve, in any case or matter, when such juror is related by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law, and relationship more remote shall not be a disqualification." This Code section defines the qualification of grand jurors respecting their duty to investigate and make presentments or return indictments for the commission of penal offenses; and it has no ref-

erence to and is not applicable to the duty which grand jurors are required to perform in the election of members of the county board of education under article VIII, section V, paragraph I, of the Constitution of 1945 (Code, Ann., § 2-6801). As electors and in an exercise of their constitutional power as such, the members of a grand jury may elect any person, except one who is a member of the electing grand jury, who possesses the qualifications prescribed by Code § 32-903. As a grand juror and in an exercise of his power as an elector, a son, for example, can legally vote for his father for membership on a county board of education if the latter has the qualifications fixed by the statute; and he can do so just as freely as he can vote for him for any other public office.

4. Injunction is an extraordinary process, and the most important one which courts of equity issue; being so, it should never be granted except where there is grave danger of impending injury for the redress of which the aggrieved party has no adequate and complete remedy at law. So tested, the allegations of the petition as amended fail to state a cause for injunctive relief.

5. For the reasons stated in the preceding divisions, there is no merit in the contention that the judge erred in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1954—DECIDED MAY 11, 1954—
REHEARING DENIED MAY 31, 1954.

*Fort & Fort, R. S. Wimberly,* for plaintiffs in error.
*Pace & Pace, Nelson & Nelson,* contra.