## 38783. ZANT v. DICK.

MARSHALL, Justice.

The appellee was convicted in 1979 in the Dawson Superior Court of the armed robbery and murder of O. C. (Red) Rider. He was sentenced to death for murder and to life in prison for armed robbery. His convictions and sentences were affirmed on direct appeal in *Dick v. State,* 246 Ga. 697 (273 SE2d 124) (1980), cert. den. 451 U.S. 976 (101 SC 2059, 68 LE2d 357) (1981). He subsequently filed an extraordinary motion for new trial, the denial of which was affirmed in *Dick v. State,* 248 Ga. 898 (287 SE2d 11) (1982). The present appeal is from the Butts Superior Court's grant of the appellee's application for a stay of execution, the application for stay of execution having been filed contemporaneously with the filing of a petition for writ of habeas corpus in the Butts Superior Court.

In this appeal, the appellant argues that the grant of a stay of execution pending consideration of a habeas corpus petition in a death penalty case is equivalent to issuance of a preliminary injunction. Based on this premise, the appellant argues that before a stay of execution is granted the applicant for the stay must show, among other things, a substantial likelihood that he will prevail on the merits. As authority, the appellant cites Foley v. Alabama State Bar, 648 F2d 355 (5th Cir. 1981) and Mulligan v. Zant, 531 FSupp. 458 (M. D. Ga. 1982). *Held:*

In Georgia, there are three forms of injunctive relief: a temporary restraining order, an interlocutory injunction, and a permanent injunction. See 15 EGL 213, Injunctions, § 16 et seq. (1980 rev.).

We would agree that the issuance of a stay of execution is the equivalent of the grant of an interlocutory injunction, at least where, as here, a hearing with notice to the parties is conducted on the application for the stay.

In Georgia, it has long been the rule that the grant or denial of an interlocutory injunction rests in the sound discretion of the trial judge according to the circumstances of each case. Code Ann. § 55-108; e.g., *Kirkland v. Ferris,* 145 Ga. 93 (1) (88 SE 680) (1916). "In an application for an interlocutory injunction there should be a balancing of conveniences and a consideration of whether greater harm might be done by refusing than by granting the injunction. *Everett v. Tabor,* 119 Ga. 128 (4) (46 SE 72); *Jones v. Lanier Development Co.,* 188 Ga. 141 (2 SE2d 923); *Ballard v. Waites,* 194 Ga. 427, 429 (3) (21 SE2d 848)." *Maddox v. Willis,* 205 Ga. 596, 597 (5) (54 SE2d 632) (1949). However, where there is no conflict in the evidence, the judge's discretion in granting or denying the

interlocutory injunction becomes circumscribed by the applicable rules of law. See *Corp. &c. Latter-Day Saints v. Statham,* 243 Ga. 448 (254 SE2d 833) (1979); *Davis v. Miller,* 212 Ga. 836, 840 (96 SE2d 498) (1957). Given the settled nature of the law on this subject, it is rather surprising that the appellant would argue that a substantial likelihood of success on the merits must be shown in order to entitle an applicant to interlocutory injunctive relief in the courts of Georgia.

However, as argued by the appellant, the habeas petition in this case does contain claims that have been adjudicated in the appellee's prior appeals. However, there is also an ineffective-assistance-of-counsel claim that has not been previously adjudicated. At least as to this ineffective-assistance-of-counsel claim, it cannot be said from the face of the petition that it is without merit. Therefore, at least as to this claim, a hearing on the habeas petition is required. See *Mitchell v. Forrester,* 247 Ga. 622 (278 SE2d 368) (1981). For this reason, it cannot be said that the habeas court abused its discretion in granting the stay.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellant.

*Jones & McHugh, Thomas J. McHugh, Jr.,* for appellee.