A01A0767. LETCHAS et al. v. SIMS ASPHALT COMPANY, INC.
(550 SE2d 721)

JOHNSON, Presiding Judge.

This case involves bids on a City of Alpharetta construction project which were well over the City's budget, so the City, instead of conducting another formal bidding process, asked the original bidders to adjust their bids based on reductions in the project. The City then accepted the lowest adjusted bid. We find that this bidding process by the City was lawful and that the company which submitted the initial lowest bid — before the project was reduced — is not entitled to damages or any other relief.

The City of Alpharetta allotted $225,000 to build a softball field and parking lot. It advertised for construction bids on the project. The advertisement expressly stated that the City reserved the right to reject all bids and waive any formalities and that the City would

---

[7] *Syms v. State,* supra.
[8] *Collier v. State,* 170 Ga. App. 616, 617 (317 SE2d 657) (1984).

not reimburse any bidder for its bid preparation costs.

Five companies bid on the project. Each of the bids was more than $100,000 over the allotted budget, with Sims Asphalt Company, Inc. submitting the lowest bid of $339,225. In order to stay within its budget, the City did not accept any of the bids but reduced the scope of the project and asked the companies to revise their bids based on the reduced project. Lewis Construction & Consulting, Inc. then submitted the lowest revised bid of $223,685, followed by Sims' adjusted bid of $234,799. Based on the revised bids, the City awarded the contract for construction of the softball field and parking lot to low bidder Lewis.

Sims sued the City, the mayor, members of the city council, and Lewis (collectively "the City"), seeking to enjoin construction of the field and parking lot, to be awarded the construction contract, and to recover, among other damages, its bid preparation costs. Sims moved for partial summary judgment on its claim for bid preparation costs, while the City moved for summary judgment on all of Sims' claims. The trial court granted Sims' motion for partial summary judgment but denied the City's summary judgment motion. The City appeals from the trial court's summary judgment rulings.

The purpose of a bidding process for public project contracts is to assure that taxpayers receive quality work and goods for the lowest possible price.[1] That purpose is why courts generally approve of a bidding process which favors the acceptance of the lowest bid.[2] But when a governmental entity frustrates the bidding process and awards the contract to an unqualified bidder, the injured low bidder may bring an action to recover its reasonable costs of bid preparation.[3]

In the instant case, contrary to the rulings of the trial court, there is no evidence that the City frustrated the bidding process by awarding the construction contract to an unqualified bidder. Rather, the undisputed evidence plainly shows that the City awarded the contract to the lowest qualified bidder. The City thus achieved the ultimate purpose of the bidding process by assuring that taxpayers receive quality work and goods for the lowest possible price.

Sims cites a paragraph found in the instructions to the bidders which states that if the lowest bid is above the City's budget, then the City will adjust the project scope with the apparent lowest qualified bidder by deleting construction items. Based on this provision, Sims contends that the City acted wrongly after the initial bids were over the City's budget by allowing all of the companies to adjust their bids

---

[1] *City of Atlanta v. J. A. Jones Constr. Co.*, 260 Ga. 658 (1) (398 SE2d 369) (1990).

[2] Id.

[3] Id. at 659 (1).

to the reduced project scope. Sims argues that if the City wanted to meet its budget by reducing the project scope, then it should have allowed only Sims to adjust its bid.

While the City might have chosen to adjust the scope of the project only with Sims after it submitted the initial lowest bid, the City was not obligated to do that given the City's clear right — established in the advertisement for bids — to reject all of the bids and waive any formalities in the bidding process. A governmental entity may reserve the authority to reject any or all bids, and the exercise of that authority is not improper.[4] Here, the City simply exercised its right to reject all of the bids because they were significantly over the budget for the softball field project and its right to waive bidding formalities by asking the bidders to adjust their bids to reflect the reduced project scope.

Because there are no genuine issues of material fact that the City acted lawfully and that Sims has shown no legal basis for any of the relief it seeks, we find that the trial court erred in granting partial summary judgment to Sims and in denying summary judgment to the City.[5] We therefore reverse the grant of partial summary judgment to Sims and reverse the denial of summary judgment on all of Sims' claims to the City, the mayor, the council members, and Lewis.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 22, 2001 — 

*Bovis, Kyle & Burch, John V. Burch, James B. Ritchie,* for appellants.

*Chesnut, Livingston & Pye, Tom Pye,* for appellee.

---

[4] *Peeples v. Byrd*, 98 Ga. 688, 691 (1) (25 SE 677) (1896) (court reporter properly exercised right, reserved by advertisement for bids, to reject all bids); see *Qonaar Corp. v. MARTA*, 441 FSupp. 1168, 1172-1173 (N.D. Ga. 1977) (MARTA did not act arbitrarily or capriciously in rejecting all bids pursuant to a specific contract clause allowing it to reject any or all bids).

[5] See OCGA § 9-11-56.