A06A1133. TOBERMAN v. LAROSE LIMITED PARTNERSHIP et al.
(637 SE2d 158)

BERNES, Judge.

The Superior Court of Cobb County denied plaintiff Scott Toberman's motion for an interlocutory injunction. On appeal, Toberman contends that the trial court erred because it denied the motion based solely on its evaluation of the underlying merits of the case. Toberman further contends that the trial court improperly considered the merits without consolidating the interlocutory injunction hearing with a full trial on the action for a permanent injunction and without providing the parties proper notice of such consolidation. Finding no error, we affirm.

Trial courts enjoy broad discretion in deciding whether an interlocutory injunction should be imposed, though the

---

[32] (Citations and footnotes omitted.) *In re McCool*, 267 Ga. App. 445, 448 (600 SE2d 403) (2004).

power to do so shall be prudently and cautiously exercised. . . . The trial court's exercise of its discretion will not be disturbed by an appellate court unless a manifest abuse of that discretion is shown or unless there was no evidence on which to base the ruling.

(Citations and punctuation omitted.) *Bernocchi v. Forcucci,* 279 Ga. 460, 461 (1) (614 SE2d 775) (2005). See also OCGA § 9-5-8. With these principles in mind, we turn to the facts and procedural history of the present case.

The appellees (collectively, the "GEF Partnerships") are various limited partnerships that acquired buildings in several major United States cities. Toberman served as the property and asset manager for the limited partnerships. The instant action arose out of efforts to settle a dispute over whether Toberman had mismanaged the GEF Partnerships' assets. As part of these settlement efforts, the parties executed two documents, a "Binding Term Sheet Between the Toberman Entities and the GEF Partnerships" (the "Term Sheet") and an option agreement pertaining to Toberman's personal residence (the "Home Agreement").

*The Term Sheet.* Under the Term Sheet, Toberman and several entities under his control agreed, among other things, to transfer $375,000 in cash and certain personal and real property to the GEF Partnerships upon execution of the Term Sheet while continuing negotiations over the terms of a "Global Settlement Agreement" on all potential claims of partnership mismanagement. The Term Sheet contemplated that the parties would eventually reach a "Global Settlement Agreement" under which $7.5 million would be paid to the GEF Partnerships, and that the $375,000 in cash and the transferred property would be applied to the contemplated settlement amount.

With respect to the transfer of property to the GEF Partnerships, the Term Sheet contained provisions addressing the transfer of three items in which Toberman held an ownership interest. The three items were Toberman's farm located in Clayton, Georgia (the "Farm"), his collection of vintage wine (the "Wine Collection"), and his personal residence in Fulton County (the "Fulton Residence"). As to the Farm, the Term Sheet stated that Toberman would execute and deliver a warranty deed to the GEF Partnerships, which then would

sell such farm . . . in a commercially reasonable manner, the net proceeds of which sale will be applied to the [remaining balance owed under the Global Settlement Agreement] or, *in the event that the parties do not enter into a Global Settlement Agreement,* credited against what the Toberman Entities owe the GEF Partnerships.

(Emphasis supplied.) Likewise, with respect to the Wine Collection, the Term Sheet provided that the collection would be transferred to the GEF Partnerships, which then would

> sell the wine collection in a commercially reasonable manner, the net proceeds of which will be applied to the [remaining balance owed under the Global Settlement Agreement] or, *in the event that the parties do not enter into a Global Settlement Agreement*, credited against what the Toberman Entities owe to the GEF Partnerships.

(Emphasis supplied.) Finally, the Term Sheet contained a provision concerning the Fulton Residence under which Toberman would execute a warranty deed in favor of the GEF Partnerships and place it into escrow, with the deed being released to the GEF Partnerships under certain conditions.

*The Home Agreement.* On August 9, 2005, the parties entered into a new agreement with respect to the Fulton Residence, the Home Agreement. Under the Home Agreement, Toberman was granted an option to pay to the GEF Partnerships the cash value of the Fulton Residence, net of the two existing mortgages, and receive back the warranty deed for the Fulton Residence. The Home Agreement further stated that Toberman would have 30 days from August 9, 2005 to exercise the option.

The parties thereafter failed to reach a "Global Settlement Agreement." Toberman did not exercise the option within the 30-day period specified in the Home Agreement. The GEF Partnerships removed from escrow the warranty deed for the Fulton Residence and recorded it.

Toberman commenced this lawsuit against the GEF Partnerships seeking to regain custody of the Wine Collection and to quiet title to the Farm and Fulton Residence. He moved for an interlocutory injunction, requesting that the trial court enjoin the GEF Partnerships from taking certain actions with regard to the Wine Collection, Farm, and Fulton Residence until the court could resolve the parties' respective rights in the property. He argued that the balance of the equities were in his favor and that he was likely to succeed on the merits.

After oral argument, the trial court entered an order denying Toberman's interlocutory injunction motion based on its evaluation of the underlying merits of the case. Specifically, the trial court concluded that the plain language of the Term Sheet belied Toberman's argument that the Wine Collection and Farm had been transferred to the GEF Partnerships merely as security for indebtedness. The trial court went on to conclude that "[t]he sale . . . of the wine collection and

Farm are expressly contemplated by the Binding Term Sheet and equitable relief should not now be available to Plaintiff to block or postpone said sales." Additionally, the trial court found that equitable relief was unwarranted because the GEF Partnerships already had recorded the warranty deed on the Fulton Residence and there had been a "failure of certain terms of the Home Agreement."

1. Toberman first contends that the trial court erroneously denied his interlocutory injunction motion based solely on its evaluation of the underlying merits of the case. Significantly, however, the Supreme Court of Georgia has specifically stated that "[i]f it appears unlikely that a plaintiff will prevail on the merits of his or her claim, a trial court may deny interlocutory injunctive relief on [that] ground." (Citation omitted.) *Coffey v. Fayette County*, 279 Ga. 111, 112, n. 6 (610 SE2d 41) (2005); *Sweeney v. Landings Assoc.*, 277 Ga. 761, 762 (2) (595 SE2d 74) (2004) ("If the law and the facts make a final order in the plaintiff's favor unlikely, the interlocutory injunction can be denied based upon the inconvenience and harm to the defendant if it were granted.") (citation omitted). See also *R. D. Brown Contractors v. Bd. of Ed. of Columbia County*, 280 Ga. 210, 211-212 (626 SE2d 471) (2006); *Ledbetter Bros. v. Floyd County*, 237 Ga. 22 (1) (226 SE2d 730) (1976). Indeed, on several occasions Georgia courts have affirmed a trial court's denial of an interlocutory injunction based solely on the ground that the plaintiff would be unlikely to succeed on the substantive merits. See *Sweeney*, 277 Ga. at 762-763 (2); *Chambers v. Peach County*, 268 Ga. 672, 673-675 (1)-(4) (492 SE2d 191) (1997); *Ledbetter Bros.*, 237 Ga. at 23-24 (2)-(5).

Nevertheless, relying upon *Zant v. Dick*, 249 Ga. 799 (294 SE2d 508) (1982), Toberman argues that the trial court was required to balance the other equities involved in the case, even after concluding that Toberman was unlikely to prevail on the merits. Toberman's reliance upon *Zant* is misplaced. When read in conjunction with the other Supreme Court precedent already cited, *Zant* stands for the general proposition that a trial court is not *required* to find that a movant is likely to succeed on the merits before *granting* an interlocutory injunction, under certain circumstances where other equitable factors counsel in favor of the grant. See *Zant*, 249 Ga. at 800 (rejecting the argument "that a substantial likelihood of success on the merits *must* be shown in order to entitle an applicant to interlocutory injunctive relief in the courts of Georgia") (emphasis supplied). See also *Glen Oak v. Henderson*, 258 Ga. 455, 457 (1) (d) (369 SE2d 736) (1988) (rejecting argument that the grant of interlocutory injunction must be reversed unless the movant affirmatively proved he was likely to succeed on the merits). The *Zant* case thus does not speak to the opposite question of whether a trial court has discretion to deny an interlocutory injunction motion after finding that the

movant is unlikely to succeed on the merits. See *Lee v. Environmental Pest & Termite Control*, 271 Ga. 371, 373 (2) (516 SE2d 76) (1999) ("In determining whether the equities favor one party or the other, a trial court *may* look to the final hearing and contemplate the results.") (citation omitted; emphasis supplied).

Toberman also relies upon *Bernocchi*, 279 Ga. 460. But, in that case, the trial court entered an order continuing an interlocutory injunction initially entered with the parties' consent, without holding an evidentiary hearing or otherwise hearing from the parties. See id. at 460-461. Thus, *Bernocchi* stands for the proposition that a trial court abuses its discretion when the record demonstrates that the trial court failed to perform *any* substantive analysis of the merits or balancing of the other equities in its decision to enter an interlocutory injunction.

Finally, Toberman emphasizes that this Court has stated that "when an interest in land is threatened with harm, equitable injunctive relief is appropriate." *Focus Entertainment Intl. v. Partridge Greene, Inc.*, 253 Ga. App. 121, 127 (4) (a) (558 SE2d 440) (2001) (physical precedent only). That general rule, however, clearly does not preclude the denial of a motion for an interlocutory injunction when the movant is unlikely to prevail on his claim regarding the subject property. Cf. *Benton v. Patel*, 257 Ga. 669, 674 (3) (362 SE2d 217) (1987) (reversing grant of interlocutory injunction prohibiting foreclosure, when trial court's order was based on an erroneous interpretation of substantive foreclosure law, leading the trial court to improperly conclude that the movant had a viable legal basis for challenging the foreclosure).

For these reasons, the trial court was entitled to deny Toberman's interlocutory injunction motion based on its conclusion that he was unlikely to prevail on the merits. We therefore find no manifest abuse of discretion justifying reversal of the trial court's order.[1]

2. As to the Wine Collection and Farm, Toberman argues that the trial court improperly considered the merits of the case without consolidating the interlocutory injunction hearing with a full trial on the action for a permanent injunction and giving the parties proper

---

[1] Notably, Toberman only enumerates as error the *procedural* issue of whether the trial court should have solely relied upon the merits in deciding whether to grant an interlocutory injunction. Toberman does not provide a *substantive* argument in an effort to show that the trial court's assessment of his likelihood of success on the merits was erroneous. At most, Toberman simply states in passing in one or two sentences of his brief that the trial court erred in assessing the merits, without any citations to the record or to legal authority supporting his position. Thus, even assuming that the issue was properly raised on appeal, Toberman has abandoned any argument that the trial court's assessment of the merits was erroneous. See Court of Appeals Rule 25 (c) (2); *Vaughn v. Metro. Property & Cas. Ins. Co.*, 260 Ga. App. 573, 574 (2) (580 SE2d 323) (2003); *Jackson v. Ford*, 252 Ga. App. 304, 312 (2) (c) (555 SE2d 143) (2001).

notice of the same. However, as explained in Division 1, a trial court is entitled to consider the underlying merits in deciding whether to grant or deny an interlocutory injunction.[2] And, to the extent that Toberman is arguing that the trial court did in fact consolidate the interlocutory hearing with a final hearing and in effect grant a permanent injunction without proper notice, his argument is not supported by the record. "It is well established that the burden is on the party alleging error to show it by the record," and "there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction." (Citations and punctuation omitted.) *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998). Here, the trial court's order limited its discussion to whether Toberman's motion for an interlocutory injunction should be granted, the order makes no reference to a permanent injunction, and there is no evidence in the record that the trial court thereafter entered judgment on the claims at issue. Thus, there is nothing in the record to overcome the presumption of regularity or to otherwise lend support to Toberman's claim of error. See, e.g., *Bradley v. Roberts*, 233 Ga. 114 (210 SE2d 236) (1974).

3. Toberman enumerates as his third allegation of error that the trial court improperly considered the merits of the case with respect to the Fulton Residence, without consolidating the interlocutory injunction hearing with a full trial on the action for a permanent injunction and giving the parties proper notice of the same. However, he does not discuss this alleged error in the body of his brief. Hence, Toberman's third enumeration is deemed abandoned. See Court of Appeals Rule 25 (c) (2); *Vaughn*, 260 Ga. App. at 574 (2); *Jackson*, 252 Ga. App. at 312 (2) (c).

In the argument section of his brief, Toberman alleges an error different from the one set forth in his third enumeration. He contends that the trial court erred in denying his motion for interlocutory injunction as to the Fulton Residence, because the trial court purportedly based its denial solely on the fact that "*one* of the acts sought to be enjoined had already occurred at the time the court entered its order, i.e., that the deed had been recorded." (Emphasis in original.) This argument falls outside the scope of the third enumeration, and so we need not consider it. "A party cannot expand his enumerations of error through argument or citation in his brief." (Citation and

---

[2] Even if the trial court had committed error in considering the underlying merits (which it did not), Toberman invited the error. In his motion, Toberman argued that the trial court should consider the merits in determining whether to grant an interlocutory injunction. "A party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him. . . ." (Citation, punctuation and footnote omitted.) *Thrash v. Rahn*, 249 Ga. App. 351, 352 (2) (547 SE2d 694) (2001).

punctuation omitted.) *Robertson v. State*, 277 Ga. App. 231, 233 (1), n. 5 (626 SE2d 206) (2006). See also *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (a) (487 SE2d 354) (1997); *DeKalb County v. Lenowitz*, 218 Ga. App. 884, 887 (1) (463 SE2d 539) (1995).

In any event, contrary to Toberman's assertion, the trial court's order does not reflect that the court based its decision to deny the injunction solely on its finding that the GEF Partnerships already had recorded the warranty deed on the Fulton Residence. Rather, the trial court went on to point out that there had been a "failure of certain terms of the Home Agreement." Toberman fails to provide any argument or citations to the record or legal authority explaining why this additional finding of the trial court was erroneous and could not serve as a basis for denying his interlocutory injunction motion. It follows that he has abandoned any argument in this regard. See Court of Appeals Rule 25 (c) (2); *Vaughn*, 260 Ga. App. at 574 (2); *Jackson*, 252 Ga. App. at 312 (2) (c). We thus find no basis for reversing the trial court.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 5, 2006.

*McGuire Woods, Timothy H. Kratz, Robert J. Waddell, Jr., Robert L. Florence*, for appellant.

*Chilivis, Cochran, Larkins & Bever, Anthony L. Cochran*, for appellees.